Jeffrey M. Monhait, AZ Bar No. 038707
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2084
Email: jmonhait@cozen.com

Attorneys for Defendants
GoDaddy Inc. and GoDaddy.com, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Crisby Studio AB, a Swedish limited liability company, Niklas Thorin, a Swedish resident, and Prime Loyalty, a New York limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>GoDaddy, Inc. a Delaware corporation, GoDaddy.com, LLC, a Delaware corporation, and 123-Reg Limited, a UK company,<br><br>Defendants. | Case No.: 2:24-cv-02165-SMB<br><br>**DEFENDANTS GODADDY INC. AND GODADDY.COM, LLC'S REQUEST FOR JUDICIAL NOTICE** |

## I.   INTRODUCTION

Defendants GoDaddy.com, LLC ("GoDaddy") and GoDaddy Inc. respectfully request that this Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents in support of their concurrently-filed Opposition to Plaintiff Prime Loyalty, LLC's ("Prime") Motion for a Temporary Restraining Order and Preliminary Injunction (the "Motion") (Doc. 20):

1. GoDaddy's Universal Terms of Service Agreement ("UTOS"), last revised on April 1, 2024 (previously submitted to the Court at Doc. 26-1), and publicly available on GoDaddy's website at https://www.godaddy.com/legal/agreements/universal-terms-of-service-agreement (last accessed October 3, 2024);

2. The Internet Corporation for Assigned Names and Numbers' WHOIS database entry for the domain name butane.com (the "Domain") (a true and correct copy is attached hereto as Exhibit 1), which is publicly accessible on ICANN's website at https://lookup.icann.org/en/lookup (last accessed October 3, 2024), by typing in "butane.com" and clicking the "Lookup" button.

## II.   LEGAL STANDARD

This Court "may judicially notice a fact that is not subject to reasonable dispute" because it is "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

With respect to GoDaddy's UTOS, this Court "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded on other grounds by statute*, 28 U.S.C. § 1452(b); *see also Benson v. Life Ins. Co. of N. Am.*, 725 F. App'x 579, 579-80 (9th Cir. 2018*)*; *Carswell v. JP Morgan Chase Bank N.A.*, 500 F. App'x 580, 583 (9th Cir. 2012). Even in the context of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)—where the Court is more limited with respect to the type of evidence it may consider—the Court may consider contracts not attached to the complaint when the "contracts are integral to

the complaint and no party disputes the contracts' identity and accuracy." *United Specialty Ins. Co. v. Certain Underwriters at Lloyd's of London*, 2019 WL 7810813, at *2 n.2 (N.D. Cal. Mar. 19, 2019); *see Intenze Prod., Inc. v. TATLAB Corp.*, 2023 WL 5209729, at *3 (C.D. Cal. Aug. 1, 2023) ("Unlike a motion to dismiss under Rule 12(b)(6), in which the court considers just the allegations of the complaint, on a motion for preliminary injunction, the court considers evidence set forth by both parties.").

Here, the UTOS is expressly incorporated by reference in the Domain Name Registration Agreement ("DNRA") and Auctions Membership Agreement ("AMA"), which are attached as exhibits to Plaintiffs' First Amended Complaint ("FAC") and form the basis of Prime's purported contract claims. Doc. 18-1 at Ex. N § 1 (the UTOS "is incorporated [into the AMA] by reference"), Ex. O § 1 (same for the DNRA); *see also* Ex. 4 ("during the checkout process, you agreed to [the UTOS]"); Ex. 5 (same). Accordingly, the Court may properly take judicial notice of the UTOS. *See Wyttmab LLC v. GoDaddy.com LLC*, 2020 WL 6887956, at *1 n.1 (W.D. Wash. Nov. 24, 2020) (taking judicial notice of GoDaddy's UTOS); *see also Mark Eden v. Lee*, 433 F.2d 1077, 1085 (9th Cir. 1970) ("A writing is interpreted as a whole and all writings forming part of the same transaction are interpreted together.") (citation omitted).

Moreover, Prime cannot reasonably dispute the accuracy or authenticity of the UTOS because it is publicly available on GoDaddy's website. *See Davis v. HDR Inc.*, 2022 WL 2063231, at *1 n.1 (D. Ariz. June 8, 2022) (taking judicial notice of Facebook's Data Policy, Facebook's Group Privacy Settings, and Facebook's Automatic Approval Setting). As set forth above, the UTOS is publicly available on GoDaddy's website.

With respect to the WHOIS database entry, the WHOIS database is "a centralized, publicly accessible database of information concerning all domain names in a TLD." *Solid Host, NL v. Namecheap, Inc.*, 2009 WL 10671427, at *1 (C.D. Cal. June 16, 2009). "TLD" means "top level domain," such as .com, .org, or .gov. *See id.* Courts routinely take judicial notice of WHOIS records. *See, e.g.*, *Instructure, Inc. v. Canvas Techs., Inc.*, 2022 WL 43829, at *18 (D. Utah Jan. 5, 2022) (recognizing that "courts have taken judicial notice of facts

regarding the registration of a domain, including WHOIS records" and collecting cases); *Mehdiyev v. Qatar Nat'l Tourism Council*, 532 F. Supp. 3d 1065, 1072 n.4 (D. Colo. 2021) (taking judicial notice of WHOIS records); *Caribbean Weddings, Inc. v. Caribbean Wedding Ass'n, LLC*, 2009 WL 10667630, at *3 (S.D. Fla. Sept. 8, 2009) (taking judicial notice of WHOIS records). Moreover, as set forth above, the WHOIS database entry for the Domain is publicly available on ICANN's website.

### III. CONCLUSION

GoDaddy and GoDaddy Inc. respectfully request that this Court take judicial notice of the UTOS and the document attached hereto as Exhibit 1, consider the existence of these documents, and consider the content contained therein, in ruling on Prime's Motion.

Dated: October 3, 2024

**COZEN O'CONNOR**
Jeffrey M. Monhait

By: *s/Jeffrey M. Monhait*
　　　Jeffrey M. Monhait

Attorneys for Defendants
GoDaddy Inc. and GoDaddy.com, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Arizona that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey J. Neuman<br>JJN SOLUTIONS, LLC<br>9445 Brenner Ct.<br>Vienna, VA 22180<br>(202) 549-5079<br>jeff@jjnsolutions.com | Isacc S. Crum<br>MESSNER REEVES LLP<br>7250 N. 16th St., Suite 410<br>Phoenix, AZ 85020<br>(602) 457-5059<br>icrum@messner.com |
| Counsel for Plaintiffs | Counsel for Plaintiffs |

SIGNED AND DATED this 3rd day of October, 2024 at Philadelphia, Pennsylvania.

COZEN O'CONNOR

By:   *s/ Jeffrey M. Monhait*
       Jeffrey M. Monhait

**GODADDY INC. AND GODADDY.COM, LLC'S REQUEST FOR JUDICIAL NOTICE**