Jeffrey M. Monhait, AZ Bar No. 038707
COZEN O'CONNOR
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: (215) 665-2084
Email: jmonhait@cozen.com

Attorneys for Defendants
GoDaddy Inc., GoDaddy.com, LLC
and 123-Reg Limited

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Crisby Studio AB, a Swedish limited liability company, Niklas Thorin, a Swedish resident, and Prime Loyalty, a New York limited liability company,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>GoDaddy, Inc. a Delaware corporation, GoDaddy.com, LLC, a Delaware corporation, and 123-Reg Limited, a UK company,<br><br>　　　　Defendants. | Case No.: 2:24-cv-02165-SMB<br><br>**DEFENDANTS GODADDY INC., GODADDY.COM, LLC, AND 123-REG LIMITED'S BRIEF REGARDING SUBJECT MATTER JURISDICTION** |

Defendants GoDaddy Inc., GoDaddy.com, LLC, and 123-Reg Limited ("123 Reg," and collectively, "Defendants") respectfully submit this brief regarding subject-matter jurisdiction as directed in this Court's October 15, 2024 Order. *See* Doc. 42.

## I. LEGAL STANDARD

"The party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists." *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986); *see also Goodman v. Las Vegas Metro. Police Dep't*, 613 F. App'x 610, 612 (9th Cir. 2015) (mem.). Plaintiffs Crisby Studio AB ("Crisby"), Niklas Thorin ("Thorin"), and Prime Loyalty, LLC ("Prime") claimed at the October 15, 2024 hearing in this matter that they are seeking to proceed under 28 U.S.C. § 1332(a)(3), which allows for diversity jurisdiction over certain actions between "citizens of different States and in which citizens or subjects of a foreign state are additional parties."

While "diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants," *Nike Inc. v. Comerica Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994) (citation omitted), Section 1332(a)(3) allows this Court to exercise diversity jurisdiction in cases where there is complete diversity between citizens of different States on both sides of the case, and "additional" foreign parties. *See Transure, Inc. v. Marsh & McLennan, Inc.*, 766 F.2d 1297, 1298-1299 (9th Cir. 1985) (holding that Section 1332(a)(3) requires "complete diversity as to the citizens" of different States, but not the additional citizens of foreign states). For Section 1332(a)(3) to apply, at least one plaintiff and one defendant must not be foreign citizens because Section 1332(a)(3) "does not permit a suit between foreigners and a mixture of citizens and foreigners." *Allendale Mut. Ins. Co. v. Bull Data Sys.*, 10 F.3d 425, 428 (7th Cir. 1993).

## II. ARGUMENT

This Court should dismiss the present action for lack of subject-matter jurisdiction on multiple grounds. First, Plaintiffs failed to allege the identities or citizenships of the members of Crisby or Prime, both of which are limited liability entities for purposes of assessing diversity jurisdiction. This alone requires a dismissal. Second, this Court plainly did not have

1  subject-matter jurisdiction over this action when Crisby and Thorin filed it. Crisby and Thorin
2  cannot cure that deficiency by amending to add an additional plaintiff—Prime—because
3  subject-matter jurisdiction is assessed at the time of filing, and a plaintiff cannot add a new
4  party to an existing action to create subject-matter jurisdiction where none existed before. This
5  action should be dismissed for lack of subject-matter jurisdiction.

### A. Plaintiffs Failed to Allege Facts Regarding the Members of Crisby and Prime Sufficient to Establish Diversity Jurisdiction.

For purposes of diversity jurisdiction, "[a] limited liability company is a citizen of every state of which its owners/members are citizens, not the state in which it was formed or does business." *Voltage Pictures, LLC v. Gussi S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (quoting *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016)). Accordingly, "[w]hen a limited liability company sues, the complaint must allege the citizenship of its constituent members" to satisfy their burden to prove subject-matter jurisdiction. *Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 735 (9th Cir. 2012) (mem.) (citations omitted); *see also NewGen*, 840 F.3d at 611 (holding "the citizenship of all of the members must be pled").

Where a plaintiff fails to allege these facts and does not cure this failure, their complaint must be dismissed for lack of subject-matter jurisdiction. *See, e.g.*, *Discovery Growth Fund, LLC v. Clickstream Corp.*, No. 22-cv-427, 2023 U.S. Dist. LEXIS 110638, at *3-4 (D. Nev. June 27, 2023) (dismissing complaint where it failed to identify plaintiff LLC's members and their citizenship); *Insight Direct USA Inc. v. Gorilla, Inc.*, No. MC-19-42, 2020 U.S. Dist. LEXIS 107260, at *4, *7-8 (D. Ariz. June 18, 2020) (ordering plaintiff to show cause why diversity jurisdiction exists where plaintiff failed to allege such facts regarding respondent LLC); *Quantum Fluids LLC v. Kleen Concepts LLC*, No. CV-20-02287, 2020 U.S. Dist. LEXIS 222593, at *2 (D. Ariz. Nov. 25, 2020) (ordering plaintiff to file amended complaint alleging such facts, or face dismissal for lack of subject-matter jurisdiction).

Here, Plaintiffs alleged that Prime is a New York LLC, *see* Doc. 18 ¶¶ 5, 9, and that Crisby is a Swedish "Aktiebolag," which Plaintiffs allege is "roughly equivalent to a Swedish limited liability company." *See id.* at ¶ 3, 9. Multiple courts have treated an Aktiebolag as

equivalent to an LLC for purposes of diversity jurisdiction. *See Advantage Aviation Servs. Sweden AB v. JetPro Int'l, LLC*, No. 21-21223, 2021 U.S. Dist. LEXIS 70699, at *2-3 (S.D. Fla. Apr. 12, 2021); *Akobdzhanyan v. Volvo Car U.S.*, No. CV 20-1719, 2020 U.S. Dist. LEXIS 77511, at *8 (C.D. Cal. Apr. 30, 2020).

Plaintiffs allege nothing about Crisby and Prime's respective members. Instead, Plaintiffs appear to erroneously rely on their places of incorporation and principal places of business, which are relevant only to the citizenship of corporations. *See* Doc. 18 ¶¶ 3, 5, 9. Without alleging these additional facts, Plaintiffs cannot meet their burden to establish subject-matter jurisdiction. For instance, if either Crisby or Prime have a single member that is a citizen of the same State as any Defendant, then there would not be complete diversity between the citizens of different States present in this suit. *See Transure*, 766 F.2d at 1298-1299. And, if both Crisby and Prime have at least one member that is the citizen of a foreign State, then this Court lacks subject-matter jurisdiction because Section 1332(a)(3) "does not permit a suit between foreigners and a mixture of citizens and foreigners." *Allendale*, 10 F.3d at 428.

### B. Plaintiffs Cannot Cure the Lack of Diversity Jurisdiction at the Time of Filing by Adding a New Plaintiff.

Crisby and Thorin originally filed this suit against Defendants. *See* Doc. 1. Assuming *arguendo* that Crisby is solely a citizen of Sweden, as it suggests but does not allege sufficient facts to establish, *see* Doc. 18 ¶ 9, then this suit began as a lawsuit by two Swedish citizens (Crisby and Thorin) against a mixture of citizens of States (GoDaddy Inc. and GoDaddy.com, LLC) and a foreign entity (123 Reg). *See id.* at ¶¶ 3-4, 6-9. Section 1332(a)(3) "does not permit a suit between foreigners and a mixture of citizens and foreigners." *Allendale*, 10 F.3d at 428. No subsection of Section 1332 does, and thus the Court does not have subject-matter jurisdiction over this action.

Plaintiffs attempted to cure this Court's lack of subject-matter jurisdiction by amending under Fed. R. Civ. P. 15 to add Prime (which it suggests to be a citizen of New York, without alleging sufficient facts to establish this) as an additional Plaintiff. By doing so, Plaintiffs sought to bring this case into the ambit of Section 1332(a)(3).

However, an amended pleading cannot create subject-matter jurisdiction where none existed before. "The longstanding and clear rule is that 'if jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.'" *Pressroom Unions-Printers League Income Sec. Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (citation omitted) (alterations in original); *accord Disability Advocates, Inc. v. N.Y. Coal. for Quality Assisted Living, Inc.*, 675 F.3d 149, 160 (2d Cir. 2012); *Aetna Cas. & Surety Co. v. Hillman*, 796 F.2d 770, 774 (5th Cir. 1986) ("[I]f Aetna did not have the ability to bring the suit in federal court it could not amend."); *Corbin v. Blankenburg*, 39 F.3d 650, 652-653 (6th Cir. 1994). Numerous courts within this Circuit have favorably cited and followed *Pressroom Unions* in analogous contexts related to Article III standing, which also implicates a district court's subject-matter jurisdiction. *See, e.g.*, *Kevorkian v. Sports Mall LLC*, No. CV 21-2747, 2022 U.S. Dist. LEXIS 219135, at *13-14 (C.D. Cal. Aug. 8, 2022); *Tamboura v. Singer*, No. 19-cv-03411, 2020 U.S. Dist. LEXIS 94566, at *20 (N.D. Cal. May 29, 2020); *In re Flash Memory Antitrust Litig.*, No. C 07-0086, 2010 U.S. Dist. LEXIS 66466, at *29-30 (N.D. Cal. June 9, 2010).

In light of the simultaneous briefing, Defendants note that distinguishable authority exists for the proposition that diversity is assessed at the time of the amended complaint in certain cases. *See, e.g.*, *Royal Travel, Inc. v. Shell Mgmt. Haw., Inc.*, No. 08-00314, 2009 U.S. Dist. LEXIS 59104, at *5-6 (D. Haw. July 10, 2009) (collecting cases). These cases are inapposite because they involve situations in which subject-matter jurisdiction existed at the time of original filing, and the sole question is whether the Court still has subject-matter jurisdiction after the amendment. Here, Plaintiffs are seeking to create subject-matter jurisdiction where none existed at the time of filing, which is not possible.

### III. CONCLUSION

For the aforementioned reasons, Defendants respectfully request that this Court dismiss this case for lack of subject-matter jurisdiction.

Dated: October 22, 2024

**COZEN O'CONNOR**
Jeffrey M. Monhait

By: *s/Jeffrey M. Monhait*
    Jeffrey M. Monhait

Attorneys for Defendants
GoDaddy Inc., GoDaddy.com, LLC
and 123-Reg Limited

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies, under penalty of perjury under the laws of the State of Arizona that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Jeffrey J. Neuman<br>JJN SOLUTIONS, LLC<br>9445 Brenner Ct.<br>Vienna, VA 22180<br>(202) 549-5079<br>jeff@jjnsolutions.com | Isacc S. Crum<br>MESSNER REEVES LLP<br>7250 N. 16th St., Suite 410<br>Phoenix, AZ 85020<br>(602) 457-5059<br>icrum@messner.com |
| Counsel for Plaintiff | Counsel for Plaintiff |

SIGNED AND DATED this 22nd day of October, 2024 at Philadelphia, Pennsylvania.

COZEN O'CONNOR

By: *s/ Jeffrey M. Monhait*
Jeffrey M. Monhait

**DEFENDANTS GODADDY INC., GODADDY.COM, LLC, AND 123-REG LIMITED'S BRIEF REGARDING SUBJECT MATTER JURISDICTION**