Jeffrey J. Neuman (Admitted *pro hac vice*)
Jeff@jjnsolutions.com
JJN Solutions, LLC
9445 Brenner Ct.
Vienna, VA 22180
Telephone: (202) 549-5079

Isaac S. Crum, Arizona Bar No. 026510
icrum@messner.com
MESSNER REEVES LLP
7250 N. 16th St. Ste 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile:  (303) 623-0552

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crisby Studio AB, a Swedish limited liability company, Niklas Thorin, a Swedish resident, and Prime Loyalty, a New York limited liability company<br><br>Plaintiffs,<br><br>v.<br><br>GoDaddy, Inc., a Delaware corporation, GoDaddy.com, LLC, a Delaware corporation, and 123-Reg Limited, a UK company,<br><br>Defendants. | Case No. 2:24-cv-02165-SMB<br><br>**PLAINTIFFS' MEMORANDUM REGARDING SUBJECT MATTER JURISDICTION** |

## I. INTRODUCTION

In the Pre-Hearing Statement (Doc. 40), Defendants GoDaddy.com, LLC and GoDaddy, Inc. (collectively, "GoDaddy") argue that this Court does not have subject matter jurisdiction over this matter. GoDaddy is wrong. Pursuant to the Court's October 15, 2024 Order (Doc. 42), Plaintiffs file this memorandum establishing that the Court clearly has subject matter jurisdiction under 28 U.S.C. § 1332(a)(3), and any argument to the contrary should be rejected.

## II. ARGUMENT

This Court has subject matter jurisdiction over this matter based on section 1332(a)(3) of the diversity jurisdiction statue. That section provides as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> * * *
>
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties.

28 U.S.C.A. § 1332(a)(3). That is, so long as the U.S. parties are diverse, the addition of foreign parties as "additional parties" will not destroy diversity. This is contrasted with 1332(a)(2), where the addition of foreign parties on both sides of a case can destroy diversity. That difference was described by the Ninth Circuit earlier this year in *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024), cert. denied, No. 23-1261, 2024 WL 4426624 (U.S. Oct. 7, 2024). There the Ninth Circuit explained,

> Section 1332(a)(2) vests federal district courts with subject matter jurisdiction over suits involving "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), but not over suits in which "aliens [are] on both sides of the case," *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004). **Section 1332(a)(3), by contrast, does confer jurisdiction over suits in which aliens are on both sides of the case, but only if there are also diverse U.S. citizens on both sides.** *See Transure, Inc. v. Marsh and McLennan, Inc.*, **766 F.2d 1297, 1298–99 (9th Cir. 1985) (citing 28 U.S.C. § 1332(a)(3)).**

*Voltage Pictures,* 92 F.4th at 822 (emphasis added).

1

Here it is undisputed that GoDaddy, Inc. is a Delaware corporation with its principal place of business in Arizona. First Amended Complaint ("*FAC*"), ¶ 6. GoDaddy.com LLC is a Delaware company also with its principal place of business in Arizona. *FAC*, ¶ 7. Plaintiff, Prime Loyalty, LLC ("Prime") is a New York limited liability company with its principal place of business in New York. *FAC,* ¶ 5. Thus, there is complete diversity among the U.S. parties—the U.S. defendants are Arizona and Delaware citizens, and the U.S. plaintiff is New York citizen. That is all that is required for jurisdiction under 28 U.S.C.A. § 1332(a)(3). *See Voltage Pictures,* 92 F.4th at 822. The addition of foreign parties on both sides of the case does *not* deprive the Court of jurisdiction. *Id.* As a result, Defendants' challenge to this court's subject matter jurisdiction is facially incorrect and must be denied.

      **A.**      **This Court *Must* Consider Prime in its Jurisdictional Analysis.**

Based on statements made during the October 15, 2024 hearing, Plaintiffs anticipate that GoDaddy will argue that this Court cannot consider the New York entity, Prime, when determining whether this Court has subject matter jurisdiction. GoDaddy will likely argue that since Prime was added in the First Amended Complaint, and was not a party at the time this case was originally filed, Prime should not count. (Indeed, GoDaddy may even cite the Supreme Court's opinion in *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004), wherein the Supreme Court stated, "[i]t has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'") That analysis, however, is incorrect. As recognized by the Supreme Court in *Grupo*, the law is *not* that subject matter jurisdiction cannot be cured by the addition or removal of a party—it certainly *can* be cured by the addition or removal of a party—instead the law is that a party cannot *change* jurisdiction mid-case to cure a diversity issue. *Id.* at 575. Indeed, that was the issue at the heart of *Grupo*. In *Grupo* the foreign partners left the partnership mid-litigation. *Id.* at 569. This changed the citizenship of the LLC mid-litigation. *Id.* The Supreme Court found, as opposed to adding or removing parties, the change in citizenship of a continuing party could not cure the diversity issue:

> To our knowledge, the Court has never approved a deviation from the rule articulated by Chief Justice Marshall in 1829 that "[w]here there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Conolly*, 2 Pet., at 565, 7 L.Ed. 518 (emphasis added). Unless the Court is to manufacture a brand-new exception to the time-of-filing rule, dismissal for lack of subject-matter jurisdiction is the only option available in this case. **The purported cure arose not from a change in the parties to the action, but from a change in the citizenship of a continuing party.**

*Grupo,* 541 U.S. at 574–75 (emphasis added). That, however, is ***not*** this case. Here, diversity was resolved by adding/removing a party—not by a change in the citizenship of a continuing party. It *is* permissible to cure subject matter diversity by the addition or removal of a party. *Id.* Indeed, it happens frequently, as this Court explained in *Yu v. Fydeski*, No. CV-22-02182-PHX-JAT, 2023 WL 5720246, at *1 (D. Ariz. June 8, 2023), where the Court (after quoting *Grupo*) stated, "all district court and court of appeals' decisions located by this Court recognize many exceptions to diversity jurisdiction being required on the date the case is filed." *Id.* For example in *Infuturia Glob. Ltd. v. Sequus Pharms., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011), the Ninth Circuit stated subject matter jurisdiction was cured by filing an amended complaint removing the diversity-destroying defendant. *Id.* Obviously, if the law was, as GoDaddy contended during the hearing, that subject matter jurisdiction could not be cured then the Ninth Circuit would not have held that dropping a defendant in an amended complaint resolved the issue. To the contrary, the law is that subject matter jurisdiction may be cured at any time, so long as (1) no continuing party *changes* its citizenship (*see Grupo*), and (2) when the final judgment is entered, only diverse parties remain. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1338 (9th Cir. 1987) ("If at the time when the final judgment is entered only diverse parties remain, the fact that at an earlier point there were non-diverse defendants is irrelevant."). Here those requirements are met. Currently, there are diverse parties as permitted under 1332(a)(3) (*see above*) and the diversity was established not through an impermissible change of citizenship of a continuing party. Thus, diversity jurisdiction exists.[1]

---

[1] Out of an abundance of caution, to the extent, however, the Court finds otherwise and holds that there is no subject matter jurisdiction, such a holding would need to be with

3

### B. Prime is Properly Joined.

Plaintiffs also anticipate that Defendants will argue that Prime was impermissibly added as a Plaintiff, and, therefore, the Court should conduct the present subject-matter jurisdiction inquiry without taking Prime into account. This is, of course, inappropriate because Prime *is* currently a party, and Defendants have **not** filed any motion to sever or otherwise remove them from this case. To the extent GoDaddy ultimately decides to file a motion severing any party from this Case, Plaintiffs request that the Court provide Plaintiffs an opportunity to oppose such a motion—since, as pleaded, such a motion would be meritless. As stated in the First Amended Complaint, the claims of *all* Plaintiffs arose out of the same transaction or series of transactions—the GoDaddy domain name auction ending on March 31, 2024. (*FAC*, ¶¶ 27, 36.) Indeed, as pleaded, (1) both "calor.com" and "butane.com" (the Domain Names) were nominally registered with 123-Reg, which is wholly owned and controlled by GoDaddy (*FAC,* ¶ 26, Ex. 1, and Ex. C); (2) both Domain Names were allowed to expire on the same date, February 25, 2024 (*FAC*, ¶ 24); (3) GoDaddy seized control of both of the Domain Names on that date and put both Domain Names up for sale on its auction platform on or about March 10, 2024 (*FAC,* ¶ 25); (5) both Domain Names were a part of and sold at the same March 31, 2024 auction (*FAC,* ¶¶ 27, 36.); and (6) both Domain Names were improperly taken from the Plaintiffs within minutes of each other, citing the same alleged rationale.

Thus, as pleaded, Plaintiffs satisfy the requirements of Fed. R. Civ. P 20, and may be joined as co-Plaintiffs since, they assert a right to relief "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and virtually all of the "question[s] of law [and] fact [are] common to all plaintiffs." *Id.*

### III. CONCLUSION

Plaintiffs respectfully request the Court find that subject matter jurisdiction exists.

---

leave to amend, since the Ninth Circuit is clear that subject matter jurisdiction may be cured by adding/removing (non)diverse parties. *See e.g., Infuturia*, 631 F.3d at 1137.

DATED: October 22, 2024,

/s/ Isaac S. Crum
Isaac S. Crum, #026510
icrum@messner.com
MESSNER REEVES LLP
7250 N. 16th St. Ste 410
Phoenix, Arizona 85020
Telephone: (602) 457-5059
Facsimile: (303) 623-0552

Jeffrey J. Neuman (*pro hac vice* forthcoming)
Jeff@jjnsolutions.com
JJN Solutions, LLC
9445 Brenner Ct.
Vienna, VA 22180

*Attorneys for Plaintiffs*