**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crisby Studio AB, et al., | No. CV-24-02165-PHX-SMB |
| Plaintiffs, | **ORDER** |
| v. | |
| GoDaddy Incorporated, et al., | |
| Defendants. | |

Pending before the Court are Plaintiffs' and Defendants' Briefs Regarding Subject Matter Jurisdiction (Doc. 48; Doc. 49), as required by this Court's Order (Doc. 42). The Court has reviewed the briefing and the relevant case law and determines that the Court lacks subject matter jurisdiction to hear this matter. Therefore, the Court will dismiss this case without prejudice.

**I.    LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction" and may only hear cases as authorized by the Constitution or Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court has subject matter jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States" and over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" diverse parties. 28 U.S.C. §§ 1331, 1332. Because the Court's jurisdiction is limited, it is to be presumed that a case lies outside of it, and the burden of establishing jurisdiction is on the party asserting it. *Kokkonen*, 511 U.S. at 377. When the

plaintiff does not meet the burden of showing the court has subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). "Because subject-matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002).

## II. DISCUSSION

Defendants argue Plaintiffs' Complaint suffers from two fatal defects: (1) it does not allege the citizenship of the Plaintiff LLCs' constituent members; and (2) because diversity jurisdiction is determined at the time of filing, adding Prime did not cure the initial lack of diversity. (Doc. 48 at 3–5.) Plaintiffs contend that Prime has been properly joined and that the Court must consider Prime's citizenship in its diversity jurisdiction determination. (Doc. 49 at 3, 5.) For the reasons discussed below, the Court agrees with Defendants. Consequently, the Court's analysis will center around the two defects Defendants believe require dismissal.

### A. Citizenship of LLC Members

"A limited liability company 'is a citizen of every state of which its owners/members are citizens,' not the state in which it was formed or does business." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (citation omitted). It therefore follows that "[w]hen a limited liability company sues, the complaint must allege the citizenship of its constituent members." *Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 735 (9th Cir. 2012) (mem.) (citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). "The failure to allege . . . diversity jurisdiction is a fatal defect." *Id.*

Here, Plaintiffs' Amended Complaint fails to allege both the identity of the individual members or the citizenship of the members of Prime or Crisby. *See Advantage Aviation Servs. Swed. AB v. JetPro Int'l, LLC*, No. 21-21223-Civ-Scola, 2021 U.S. Dist. LEXIS 70699, *2 (S.D. Fla. Apr. 12, 2021) (noting that a Swedish AB "is akin to a limited liability company"). Instead, Plaintiffs merely allege that "Crisby Studio AB is a limited liability company formed under the Country of Sweden, with a principal place of business

located in Stockholm, Sweden" and "Prime Loyalty, LLC is a limited liability [company] with its principal place of business in Orangeburg, New York." (Doc. 18 at 2 ¶¶ 3, 5; *see also* Doc. 1 at 2 ¶ 3.) Several remedial exercises exist when a complaint does not allege the citizenship of all LLC members. *See, e.g.*, *Yu v. Fydeski*, No. CV-22-02182-PHX-JAT, 2023 WL 5720246, *2 (D. Ariz. June 8, 2023) (allowing plaintiff to file a jurisdictional supplement or suffer dismissal); *Discovery Growth Fund, LLC v. Clickstream Corp.*, No. 3:22-cv-00427-LRH-CSD, 2023 WL 5747634, *2 (D. Nev. June 27, 2023) (dismissing the complaint for lack of subject matter jurisdiction with leave to amend); *Insight Direct USA Inc. v. Gorilla, Inc.*, MC-19-00042-PHX-MTL, 2020 WL 3317598, at *3 (D. Ariz. June 18, 2020) (ordering plaintiff show cause why diversity jurisdiction exists); *Quantum Fluids LLC v. Kleen Concepts LLC*, No. CV-20-02287-PHX-DWL, 2020 U.S. Dist. LEXIS 222593, *2 (D. Ariz. Nov. 25, 2020) (ordering plaintiff to file an amended complaint). However, the Court's disposition on the deficiency of jurisdiction at the time of filing mandates one result—dismissal of the case.

**B. Diversity at the Time of Filing the Original Complaint**

Section 1332(a)(2) confers subject matter jurisdiction to federal courts in suits involving "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), but not over suits in which "aliens [are] on both sides of the case," *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004). "Section 1332(a)(3), by contrast, does confer jurisdiction over suits in which aliens are on both sides of the case, but only if there are also diverse U.S. citizens on both sides." *Voltage Pictures, LLC v. Gussi, S.A. de C.V.*, 92 F.4th 815, 822 (9th Cir. 2024) (citing *Transure, Inc. v. Marsh and McLennan, Inc.*, 766 F.2d 1297, 1298–99 (9th Cir. 1985)). At the time of filing, both Plaintiffs Crisby and Thorin were citizens of Sweden. (Doc. 1.) The named Defendants consisted of two United States businesses, Go Daddy, Inc. and Go Daddy.com, LLC, and a foreign company 123-Reg Limited. With aliens on both sides of this case, diversity is satisfied only where there is "a legitimate controversy between diverse citizens and aliens are *additional* parties;" and (2) "complete diversity as to the citizens." *Transure, Inc.*, 766

- 3 -

F.2d at 1298–99.  Because this crucial component was lacking at the time of filing, diversity did not exist.  *See* § 1332(a)(3).

### C. Diversity at the Time of Filing the Amended Complaint

Plaintiffs beckon this Court to consider Prime in its jurisdictional analysis.  (Doc. 49 at 3.)  They assert that *Grupo Dataflux* does not preclude a plaintiff from curing a lack of diversity through the addition or removal of a party.  (*Id.*)  Instead, the law is that "a party cannot *change* jurisdiction mid-case to cure a diversity issue."  (*Id.* (emphasis in original).)  Plaintiffs also attempt to seize on the Supreme Court's reasoning that the purported jurisdictional cure "arose not from a change in the parties to the action, but from a change in the citizenship of a continuing party."  (*Id.* at 4.)

Federal courts covet their limited jurisdiction, and they thoroughly guard against cases attempting to avail themselves of that jurisdiction.  *See Olmos v. Residential Credit Sols., Inc.*, 92 F. Supp. 3d 954, 955 (C.D. Cal. 2015).  It has long been held that "the jurisdiction of the court depends upon the state of things at the time of the action brought."  *Mollan v. Torrance*, 22 U.S. 537, 539 (1824); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) ("[D]iversity of citizenship is assessed at the time the action is filed.  We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events."); *see also Grupo Dataflux*, 541 U.S. at 570 ("This time-of-filing rule is hornbook law (quite literally) taught to first-year law students."); *Pressroom Union-Printers League Income Sec. Fund v. Cont'l Assur. Co.*, 700 F.2d 889, 893 (2d Cir. 1983) ("[I]f jurisdiction is lacking at the commencement of [a] suit, it cannot be aided by the intervention of a [plaintiff] with a sufficient claim.") (cleaned up)).

It should be noted in some instances, federal courts have looked to an *amended* complaint to discern the presence of jurisdiction.  In *Rockwell Intern Corp. v. United States*, 549 U.S. 457, 473 (2007), the Supreme Court reaffirmed the rule that "subject-matter jurisdiction 'depends on the state of things at the time of the action brought.'"  (citing *Mullan*, 22 U.S. at 539).  However, the Court also explained that when

a plaintiff withdraws allegations in an amended complaint, the pleading must be examined to determine whether jurisdiction still exists. *See id.* at 473–74. ("The state of things and the originally alleged state of things are not synonymous."); *see also Lewis v. Lewis*, 358 F.2d 495, 501–02 (9th Cir. 1966) (applying the time-of-filing rule to find diversity existed at the time-of-filing but subsequently measured diversity as to *added* defendants in the amended complaint); *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1492 (same). The common vein running through these cases is that diversity existed at the time of filing, but some subsequent change in the litigation required the courts to examine the amended complaint to snuff out cases or claims with jurisdictional defects.

In *Grupo Dataflux*, the Supreme Court considered whether a party's post-filing change in citizenship could cure a lack of subject matter jurisdiction "that existed at the time of filing in an action premises upon diversity of citizenship." 541 U.S. at 568. Adhering to the time-of-filing rule, the Court answered that inquiry in the negative—lack of diversity at the outset is not cured by a subsequent change in a party's citizenship. *Id.* at 574–75. In fact, the Court has smote most post-filing salvage operations, including those to remedy lack of diversity at the outset of suit, for nearly two centuries. *See id.*; *Anderson v. Watt*, 138 U.S. 694, 708 (1891); *Conolly v. Taylor*, 27 U.S. 556, 565 (1829). The hard-and-fast rule is that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Mollan*, 22 U.S. at 539; *but see Grupo Dataflux*, 541 U.S. at 572 (reaffirming the exception that diversity may be cured by dismissal of the party that destroyed diversity).[1] And as the state of things at the time of this action being brought shows that there was no subject matter jurisdiction under § 1332(a)(3). While no panacea exists to heal a lack of diversity, dismissal is an agreed

---

[1] The Supreme Court has explained that the time-of-filing rule exists because "the facts determining jurisdiction are subject to change, and because constant litigation in response to that change would be wasteful." *Grupo Dataflux*, 541 U.S. at 580. This principle is illuminative here as well—refusing to apply the time-of-filing rule will invariably result in jurisdiction being litigated throughout the pendency of this case, and potentially on appeal. Fostering litigation by overlooking jurisdictional defects would controvert the rationale for jurisdictional requirements in the first place. *See id.* at 581.

upon remedy for lack of such jurisdiction at the time the lawsuit is filed. *Grupo Dataflux*, 541 U.S. at 572. Thus, not only is Plaintiffs' claim that "subject matter jurisdiction may be cured at any time" patently incorrect (Doc. 49 at 4), but their failure to establish such jurisdiction at the time of filing mandates dismissal of this case.[2]

## III.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** dismissing Plaintiffs' Complaint (Doc. 1) without prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this case.

Dated this 13th day of November, 2024.

Honorable Susan M. Brnovich
United States District Judge

---

[2] This Court disagrees with Plaintiffs reliance on *Yu*, 2023 WL 5720246, *2, and *Infuturia Global Ltd v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1137 (9th Cir. 2011), for the principle that an exception to the time-of-filing rule exists in this instance. (Doc. 49 at 4.) In *Yu*, the District Court seemingly applied a well-settled exception to the time-of-filing rule—dismissal of the diversity destroying party. *See* 2023 WL 5720246, *2; *Grupo Dataflux*, 541 U.S. at 572. In *Infurturia*, the court grappled with diversity at the time of removal, which is a statutory, non-jurisdictional requirement imposed by 28 U.S.C. § 1441(b). 631 F.3d at 1137. Again, the *Infurturia* plaintiff cured the defect by dismissing the diversity destroying defendant. *Id.* Here, Plaintiffs attempt to *add* a diversity *creating* party.